STATE OF LOUISIANA

VERSUS

JOSHUA EVERY

NO. 25-K-43

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

February 14, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, JR., DIVISION "P", NUMBER 16-4176

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and Scott U. Schlegel

## WRIT DENIED IN PART AND GRANTED IN PART

The State of Louisiana seeks review of the trial court's January 16, 2025 ruling granting defendant's Motion for Protective Order Regarding Scope of Permissible Disclosure of Lawyer-Client Communications in Competency Proceedings (DM-125). For reasons stated more fully below, we deny the State's writ application in part and grant it in part.

On November 17, 2016, a Jefferson Parish Grand Jury indicted defendant of first degree murder. The State is seeking the death penalty. The trial court previously found defendant incompetent to proceed to trial on August 21, 2019, and Feburuary 8, 2023, and remanded him to the Eastern Louisiana Mental Health System (ELMHS) in both instances. On November 22, 2024, the trial court entered an order indicating that the Superintendent of ELMHS informed the court that defendant was presently able to understand the proceedings againt him and to

assist in his defense. As a result, the matter has been set for a competency hearing on February 19, 2025.

On December 21, 2024, defense counsel filed DM-125 seeking a protective order that would allow defense counsel to testify at the competency hearing to "express an opinion regarding, and characterize, the defendant's ability to understand the proceedings against him and to assist in his defense," but also order that defense counsel "may not, and may not be required to, disclose the content of lawyer-client communications." In requesting the protective order, defense counsel recognized that in *State v. O'Brien*, 20-477 (La. 10/14/20), 302 So.3d 1104, 1105, the Louisiana Supreme court held that "[i]nformation concerning the competency and mental status of a defendant is not a confidential communication under [La. C.E.] art. 506(B) because it was not disclosed in furtherance of obtaining legal services, . . . and does not relate to the client's reason for seeking representation." Defense counsel further observed that in his concurring opinion, Justice Crichton indicated that information concerning the competency and mental status of a defendant may be privileged in some circumstances and suggested that the issue be addressed on a question-by-question basis:

> I agree with the majority that the motion to subpoena defendant's previous counsel should be granted under these circumstances in which defendant, represented by new counsel, is seeking to have his guilty plea vacated based upon competency issues. Unlike the majority, I would not broadly conclude that any and all information related to competency and mental status of a defendant is not subject to the attorney-client privilege. I believe that in some – but not all – circumstances, information regarding defendant's competency and mental capacity to proceed at trial may not be a confidential communication pursuant to the attorney-client privilege, as it may not relate to the reasons for which defendant sought representation. I thus concur to emphasize my view that the extent to which the lawyer can testify is a specific question-by-question exercise in which defendant's present counsel can contemporaneously object as necessary. *See* La. C.E. art. 506 (providing that "the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with [otherwise privileged communications pursuant to the attorney-client privilege]" are subject to the attorney-client privilege). (Internal citations omitted.)

Defense counsel argued that due to the limited caselaw addressing these issues and the capital nature of the case, the trial court should enter a protective order establishing "the information that may be and may not be disclosed by defense counsel." In addition, defense counsel asked the trial court to enter a protective order to "[p]rohibit the State from using any disclosures by defense counsel save for the purpose of determination of the defendant's competency."

The trial court heard oral argument on DM-125 on January 16, 2025. The discussion focused solely on whether the trial court would allow defense counsel to testify at the competency hearing. The State cited to *State v. Lee*, 00-2516 (La. App. 4 Cir. 4/6/01), 787 So.2d 1020, 1030, and argued that defense counsel should not be allowed to testify based on the proposition that counsel should avoid appearing as both an advocate and a witness except under extraordinary circumstances. The State conceded that counsel's observations about his client may be relevant. However, the State argued that hearsay is admissible at a competency hearing, and defense counsel's observations regarding defendant's competency should be elicited from the doctors who interviewed counsel at the hearing.

In response, defense counsel argued that the advocate-witness rule was inapposite because it applied to scenarios involving trials where counsel's dual role could cause confusion for the trier-of-fact. Defense counsel further argued that the court should hear his testimony "in an unedited and unbiased way from [his] perspective, not filtered through the experts brought on by the State." Neither party mentioned the specific terms of the protective order requested by defense counsel. At the end of the hearing, the trial court stated that it was granting the motion without any discussion of the terms of the protective order.

In its writ application, the State first contends that the trial court erred by ruling that defense counsel can testify at the competency hearing based on the same grounds it raised during oral argument. It further argued that limiting information regarding defense counsel's observations to testimony from the doctors, would avoid the dilemma of counsel potentially disclosing attorney-client privileged information during the hearing.

The trial court is afforded great discretion in evidentiary rulings and, absent a clear abuse of that discretion, rulings on admissibility of evidence will not be disturbed on appeal. *State v. Frickey*, 22-261 (La. App. 5 Cir. 3/1/23), 360 So.3d 19, 41, *writ denied*, 23-468 (La. 11/8/23), 373 So.3d 59. La. C.Cr. P. art. 647 discusses the evidence that may be presented at a competency hearing:

> The issue of the defendant's mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant's mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney.

The State concedes that no statutory provision prohibits defense counsel from appearing as a witness at the competency hearing. And the *Lee* case cited by the State did not involve a competency hearing. In addition, in *State v. Qualls*, 377 So.2d 293, 298 (La. 1979), the Louisiana Supreme Court explained that the final determination of a defendant's competency to proceed to trial is a legal issue for the court, as opposed to a medical issue:

> While a thorough mental examination is necessary, the final determination of defendant's competency to stand trial must rest in a judicial authority and is a legal, rather than a medical, issue. The trial judge should not rely so heavily upon the medical testimony that he commits the ultimate decision of competency to the physician. Competency to stand trial should not turn solely upon whether the defendant suffers from a mental disease or defect. The decision must be made with specific reference to the nature of the charge, the

complexity of the case and the gravity of the decisions defendant must face at trial. *State v. Bennett*, 345 So.2d 1129 (La. 1977).

*See also State v. Hernandez*, 98-448 (La. App. 5 Cir. 5/19/99), 735 So.2d 888, 893, *writ denied*, 99-1688 (La. 1999), 750 So.2d 194.

Considering the extensive history of the competency proceedings in this matter and the trial court's great discretion on evidentiary issues, we find that the trial court did not abuse its discretion and deny the State's writ application on the issue of whether defense counsel may testify at the competency hearing. The trial court clearly believes that the observations of defense counsel could be helpful to consider before making its ruling and the State has already conceded that counsel's observations about his client may be relevant.

As to the issue of the protective order, the State argues that while the trial court granted DM-125, (1) it did not expressly delineate the terms of any protective order; and (2) a protective order is unnecessary because La. C.E. art. 506 always addresses information protected by the attorney-client privilege, including during a competency hearing.[1] The State also argues that the request to limit the use of any disclosures by defense counsel to the issue of competency is overbroad and premature. In reply, defense counsel explains that he requested the protective order due to Justice Crichton's observance in *O'Brien*, *supra*, that in some instances, information concerning the competency and mental status of a defendant may involve privileged communications.

---

[1] La. C.E. art. 506(B) provides in pertinent part:

> A client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication, when the communication is:
>
> (1) Between the client or a representative of the client and the client's lawyer or a representative of the lawyer.
> (2) Between the lawyer and a representative of the lawyer.
> (3) By the client or his lawyer, or a representative of either, to a lawyer, or representative of a lawyer, who represents another party concerning a matter of common interest.
> (4) Between representatives of the client or between the client and a representative of the client.
> (5) Among lawyers and their representatives representing the same client.
> (6) Between representatives of the client's lawyer.

We agree with the State. The granting of the protective order as requested by defense counsel was unnecessary and premature. Clearly, La. C.E. art. 506 applies to protect privileged communications and these issues are best handled on a question-by-question basis. Defense counsel can contemporaneously object as necessary. And the State should be given the opportunity to cross-examine defense counsel based upon the testimony provided during the hearing without a preliminary, overboard protective order that did not delineate any specific terms. Accordingly, to the extent that the trial court granted a protective order, we grant the State's writ application and vacate the protective order.

Gretna, Louisiana, this 14th day of February, 2025.

**SUS**
**MEJ**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/14/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**25-K-43**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Relator)           Kerry P. Cuccia (Respondent)
                                     Darren A. Allemand (Relator)

### MAILED

Cody Brown (Respondent)              Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                      District Attorney
3606 Canal Street                    Twenty-Fourth Judicial District
New Orleans, LA 70119                200 Derbigny Street
                                     Gretna, LA 70053

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

7016 2070 0000 0954 8834

Cody Brown
Attorney at Law
3606 Canal Street
New Orleans, LA 70119
25-K-43                          02-14-25

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**SENDER: *COMPLETE THIS SECTION***

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

1. Article Addressed to:

Cody Brown
Attorney at Law
3606 Canal Street
New Orleans, LA 70119
25-K-43                          02-14-25

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

9590 9402 2434 6249 3585 94

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8834

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt